# In the United States Court of Federal Claims

No. 25-1150

Filed: December 11, 2025

---

**HOWARD YOUNG,**

    *Plaintiff*,

v.

**THE UNITED STATES,**

    *Defendant.*

---

*Howard Young*, San Jose, CA, Pro Se Plaintiff.

*Daniel A. Hoffman*, Trial Attorney, Commercial Litigation Branch, with *Eric P. Burskin*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton,* Assistant Attorney General, U.S. Department of Justice, Washington, D.C., and *Robert R. Rodriguez*, MAJ, JA, Litigation Attorney, Military Personnel Branch, Litigation Division, Fort Belvoir, VA, Of Counsel, for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

  This case arises from a military pay dispute in which Plaintiff, Howard Young ("Mr. Young"), seeks both compensation and certain ancillary benefits. (*See* Compl. at 1–2, ECF No. 1). The United States seeks dismissal of his claims for ancillary Department of Veterans Affairs ("VA")-administered benefits. (Def.'s Mot. at 4–5, ECF No. 26). The Court's jurisdiction extends only to claims for pay, not for benefits, and accordingly, the benefit claims are dismissed. What remains are the compensation claims. In that regard, the United States requests the Court to enter a schedule to proceed on an administrative record. (*Id.* at 5–6). Although Mr. Young urges resolution by way of summary judgment, (Pl.'s Resp., ECF No. 27), the rules governing military pay cases direct otherwise. The compensation claim shall proceed in ordinary course. Accordingly, the Court **GRANTS** the United States' Motion to dismiss Mr. Young's claim for VA-administered benefits and to establish an administrative briefing schedule.

  On February 8, 1980, Mr. Young began serving as a radio operator for the United States Army at the age of seventeen.[1] (Compl. Ex. A, ECF No. 1-2; Pl.'s Supp. Docs. at 5, ECF No. 7-

---

[1] This summary of facts is taken from Mr. Young's Complaint, Supporting Documents, and Motion for Summary Judgment, as well as Defendant's Appendix to the pending motion. (ECF

1).[2] Three months later, Mr. Young was arrested for the theft of a gold chain, a misdemeanor offense for which he was later convicted. (Compl. at 2; Pl.'s Supp. Docs. at 7–9). Following this conviction, Mr. Young was discharged from the Army on November 20, 1980. (Pl.'s Supp. Docs. at 5). He was a minor during the entirety of his service. (Compl. at 2). On September 3, 1981, the VA denied Mr. Young access to military benefits and compensation based on his service and the nature of his discharge. (*Id*. Ex. A; Pl.'s Supp. Docs. at 5).

The record reflects that Mr. Young has filed claims with the VA seeking benefits both prospectively and retroactively to 1981. (*See* Compl. at 2; Pl.'s Mot. for Summ. J. Exs. A, B, ECF Nos. 10-1, 10-2). It appears that Mr. Young is currently pursuing an appeal of the partial denial of those claims within a VA regional office, and that some claims in this case concern the same benefits referenced in his Motion for Summary Judgment before this Court. (Pl.'s Mot. for Summ. J., ECF No. 10; Def.'s Mot. App'x at 1–7, ECF No. 26-1). In addition, during the pendency of this case, the Army Board for Correction of Military Records ("BCMR") denied Mr. Young's military pay claims.[3] (Def.'s Mot. App'x at 4–7).

Mr. Young's Complaint identifies three overarching allegations: (1) denial of benefits on September 3, 1981, (Compl. at 1 ("Plaintiff . . . was wrongfully denied access to any and all military benefits . . . on 09-03-1981")); (2) failure to provide back pay benefits for the period spanning 1981 through 2025, (*id*. at 1–2 ("On 06-06-2025, Plaintiff was granted military benefits . . . but only awarded limited 1 year back pay[.]", "Plaintiff hereby seeks full back pay, and all benefits and/or compensation, from 09-03-1981 to 06-06-2025[.]")); and (3) wrongful discharge, (*id*. at 2 ("Plaintiff was wrongfully discharged from the U.S. Army as a minor")). In sum, Mr. Young seeks veterans' benefits and military back pay, with interest, dating back to the initial denial of benefits in 1981. (*Id.*).

With respect to Mr. Young's pursuit of veterans' benefits, the United States contends that this Court lacks jurisdiction. (Def.'s Mot. at 4–5). This Court's jurisdiction is narrowly circumscribed. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Under the Tucker Act, the Court of Federal Claims may hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding

---

Nos. 1, 7, 10, 26-1). Consistent with the standard governing motions to dismiss, the Court accepts the allegations as true for purposes of this Opinion. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

[2] Within a week filing his Complaint, Mr. Young submitted supplemental documentation related to his discharge and original arrest. The Court accepted the filing and applied redactions, (ECF No. 7). Reference to those documents herein is to "Plaintiff's Supporting Documents," (Pl.'s Supp. Docs., ECF No. 7-1). Citations to specific page numbers refer to the pagination assigned by CM/ECF.

[3] The United States does not contest that the Army BCMR's denial is now subject to appeal. (Def.'s Mot. at 2).

in tort." 28 U.S.C. § 1491(a). Yet the Tucker Act is purely "a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). It merely opens the door for those plaintiffs that can adequately identify and plead their claim in connection with a separate substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *Id*. In other words, "because the Tucker Act itself does not create a substantive cause of action, 'in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.'" *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc)).

The plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Even then, jurisdiction may be foreclosed if Congress has provided a "specific and comprehensive scheme for administrative and judicial review[,]" which displaces Tucker Act jurisdiction. *Bargsley v. United States*, 120 Fed. Cl. 619, 630 (2015) (quoting *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)). One such comprehensive scheme is the Veterans' Judicial Review Act of 1988 ("VJRA"), which expressly preempts Tucker Act jurisdiction. *El Malik v. United States*, 170 Fed. Cl. 590, 594–95 (2024), *aff'd* No. 2024-1746, 2024 WL 5001993, at *3 (Fed. Cir. Dec. 6, 2024); *Kalick v. United States*, 541 F. App'x 1000, 1001 (Fed. Cir. 2013).

Title 38 of the United States Code governs veterans' benefits. *See* 38 U.S.C. § 101 *et seq*. Enacted in 1988, the VJRA created judicial oversight of veterans' benefits decisions by establishing the United States Court of Veterans Appeals (now the Court of Appeals for Veterans Claims). Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988); *Hairston v. DVA, Reg'l VA Off. Martinsburg*, 841 F. App'x 565, 569 (4th Cir. 2021) (the VJRA "established a specialized review process for the adjudication of veterans' benefits claims."). The VJRA "provides an exclusive scheme of judicial review for all questions arising from veterans' benefits decisions." *Johnson v. United States Cong.*, 151 F.4th 1287, 1292 (11th Cir. 2025). As relevant here, 38 U.S.C. § 511(a) directs that "[t]he Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." The statute further provides that the Secretary's decision "is final and conclusive and may not be reviewed by any other official or by any court." 38 U.S.C. § 511(a). Appeals from such determinations must follow the statutory path: first to the Board of Veterans' Appeals, then to the Court of Appeals for Veterans Claims, then to the U.S. Court of Appeals for the Federal Circuit, and ultimately to the Supreme Court. *See* 38 U.S.C. §§ 7104, 7252(a), 7292; 28 U.S.C. § 125. Thus, "in general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts," save for the "review scheme established by the VJRA." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012).

By contrast, claims for military pay, such as back pay or allowances owed for service performed, arise under statutes that mandate payment by the United States. *See e.g.*, *Mote v. United States*, 110 F.4th 1345, 1352–53 (Fed. Cir. 2024) ("The Military Pay Act, 37 U.S.C. § 204, has previously been held to be a money-mandating statute."). Thus, while benefits must be

pursued through the VA's specialized review process, military pay disputes are brought in the Court of Federal Claims. This division reflects Congress's intent: veterans' benefits are reviewed in a system designed specifically for veterans, while pay claims are handled in the court that hears monetary claims against the United States. Based on these distinctions, this Court lacks authority to adjudicate claims for veterans' disability benefits or related entitlements. *See Hickman v. United States*, 122 Fed. Cl. 645, 650 (2015); *Trevino v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014).

Here, Mr. Young asserts claims that plainly concern service-connected benefits. Those claims have already been, and remain, under review by the VA. According to Mr. Young, "this Court has jurisdiction to hear and award compensation to the Plaintiff, based on the Defendant's wrongful denial of benefits, including, but not limited to, disability benefits for Plaintiff's service-connected Disabilities . . . pursuant to the Tucker Act, 28 U.S.C. § 1491." (Pl.'s Resp. at 3). As explained above, this is patently incorrect. The VJRA's bar would clearly apply because this Court's intervention would require review of "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Mr. Young does not substantively contest this; instead, he broadly asserts that the United States' reliance on various legal authority is misplaced yet offers no explanation to support that assertion. (Pl.'s Resp. at 2). As the Court has explained, with limited exception, all disputes about veterans' benefits follow the exclusive path set forth by the VJRA; the Court may not intervene.[4] *El Malik*, 170 Fed. Cl. at 594–95; *Kalick*, 541 F. App'x at 1001; *Veterans for Common Sense*, 678 F.3d at 1025 (the VJRA "precludes jurisdiction" over "any decision made by the Secretary in the course of making benefits determinations"); *Price v. United States*, 228 F.3d 420, 421–22 (D.C. Cir. 2000) (per curiam) (holding § 511(a)'s bar applied to claims connected to "VA decisions affecting the provision of veterans' benefits," including any "claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction" and "determine first whether the VA acted properly" in handling the underlying benefits determination).

That Mr. Young believes he "should not be required to go through a subsequent years-long saga of administrative appeals, after being granted relief[,]" (Pl.'s Resp. at 4), is not enough to confer jurisdiction. Aside from the plain language of the statute, allowing a plaintiff to pursue the same benefits simultaneously in two forums would amount to impermissible "double dipping," undermining the comprehensive scheme set forth in the VJRA. Because these benefits are governed by VA statutes and regulations, they fall squarely within the VJRA's exclusive and comprehensive review framework. *See El Malik*, 170 Fed. Cl. at 594–95. Accordingly, Mr. Young's claims for veterans' benefits lie outside this Court's jurisdiction and must be dismissed.

---

[4] The only narrow exceptions are situations where what looks like a "benefit" is actually a form of statutory pay or allowance—i.e., certain retirement pay disputes or statutory bonuses. *See e.g., McBryde v. United States*, 299 F.3d 1357, 1361–64 (Fed. Cir. 2002); *United States v. Larionoff*, 431 U.S. 864, 869 (1977) (addressing payment of a re-enlistment bonus); *Wyatt v. United States*, 2 F.3d 398 (Fed. Cir. 1993) (addressing specialty pay). However, once the claim involves VA-administered benefits, this Court has no authority to adjudicate them.

The Court possesses jurisdiction over Mr. Young's military pay claims insofar as they seek monetary compensation and are outside of the claims asserted at the VA. *See* 37 U.S.C. § 204; *Taylor v. United States*, 33 Fed. Cl. 54 (1995) (addressing regular pay). Under the Military Pay Act, the Court of Federal Claims may review BCMR decisions, including "requests for reinstatement or back pay" and "claims for pay from military retirement due to disability stem[ming] from 10 U.S.C. § 1201." *Walker v. United States*, 168 Fed. Cl. 171, 176 (2023) (discussing 37 U.S.C. § 204). As to those claims, the United States requests entry of a scheduling order governing cross-motions for judgment on the administrative record. (Def.'s Mot. at 5–6 (citing RCFC 52.1)). Mr. Young opposes this request, urging the Court to rule on his pending, deferred Motion for Summary Judgment. (Pl.'s Resp. at 4 (citing Pl.'s Mot. for Summ. J.)). The Court concludes that entry of an administrative schedule in this matter is appropriate.

Presumably attributed to the bureaucratic nature of military claims, Mr. Young wishes to have his military pay claims resolved through summary judgment rather than on the administrative record, in hopes of streamlining the process. (Pl.'s Resp. at 6–7). However, Mr. Young, appearing pro se, does not appear to appreciate the differing purposes of summary judgment and judgment on the administrative record. A summary judgment motion, brought under RCFC 56, is used in ordinary civil litigation and requires the moving party to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In ruling on summary judgment motions, the court reviews pleadings, depositions, affidavits, and other evidence to determine whether trial is necessary. *See Lowery v. United States*, 167 Fed. Cl. 28, 37 (2023) (citing *United States v. Certain Real & Pers. Prop. Belonging to Hayes*, 943 F.2d 1292 (11th Cir. 1991)).

By contrast, a motion for judgment on the administrative record, governed by RCFC 52.1, is appropriate when judicial review is limited to the administrative record compiled by an agency. *Bannum, Inc. v. United States*, 404 F.3d 1346, 1355 (Fed. Cir. 2005). In such cases, the court does not weigh evidence or resolve factual disputes but instead determines whether the agency's decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006) (cleaned up) (citing *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998)). Military pay cases most often proceed on the administrative record because they arise from agency determinations, such as those made by the Army BCMR. *Id.* (the arbitrary and capricious standard "necessarily limits the Court of Federal Claims' review to the administrative record."). This approach benefits service members by streamlining review, avoiding duplicative litigation, and ensuring that courts focus on whether the agency applied the law correctly, thereby providing efficient and fair oversight of claims.

While it may appear that proceeding by summary judgment would offer a quicker resolution, that procedure is not necessarily dispositive and would require the Court to apply a different standard of review. Simply stated, reviewing this action under a summary judgment standard does not align with the established framework for resolving military pay determinations. Accordingly, judgment on the administrative record is the appropriate means of resolution. *See Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009). Accordingly, the parties are directed to adhere to the briefing schedule prescribed below.

5

Based on the foregoing, the United States' Motion, (Def.'s Mot., ECF No. 26), is **GRANTED**. Mr. Young's claims for veterans' benefits lie beyond this Court's jurisdiction and are dismissed. To the extent Mr. Young asserts military pay claims seeking monetary compensation, however, the Court's jurisdiction is properly invoked under the Tucker Act. *See* 28 U.S.C. § 1491; 37 U.S.C. § 204. Those claims will proceed on the administrative record. Because cross-motions for judgment on the administrative record are the appropriate path forward, the Court imposes the following schedule:

| Event | Date |
|---|---|
| Defendant to file the administrative record. | January 16, 2026 |
| Plaintiff to file motion for judgment on the administrative record. | February 13, 2026 |
| Defendant to file response to plaintiff's motion, cross-motion for judgment on the administrative record, and partial motion to dismiss. | March 13, 2026 |
| Plaintiff to file reply in support of his motion, response to defendant's cross-motion, and response to defendant's partial motion to dismiss. | March 27, 2026 |
| Defendant to file reply in support of its cross-motion and reply in support of its partial motion to dismiss. | April 10, 2026 |

Given the rulings herein, Plaintiff's Motion for Summary Judgment, (ECF No. 10), which was previously deferred, (ECF No. 15), is **DENIED**. Similarly, Plaintiff's Cross-Motion, (Pl.'s Resp., ECF No. 27), requesting a ruling on the Summary Judgment Motion is also **DENIED**.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge